UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DELMAR J. KENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:20-cv-2209-JMS-MJD |
| | ) |
| D.J. MOTE, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On August 21, 2020, *pro se* Plaintiff Delmar J. Kent filed his Complaint against Defendant D.J. Mote, the former Chief Deputy Prosecutor for Jefferson County, Indiana, and a Motion for Leave to Proceed *In Forma Pauperis*. [Filing No. 1; Filing No. 2.] On August 25, 2020, the Court granted the Motion, screened the Complaint pursuant to 28 U.S.C. § 1915, and dismissed the Complaint without prejudice. [Filing No. 4.] On September 14, 2020, Mr. Kent filed a document titled "Issues Presented for Review," [Filing No. 6], which the Court construed as an Amended Complaint, screened pursuant to § 1915, and dismissed without prejudice, [Filing No. 7]. On October 28, 2020, Mr. Kent filed his "Second Amended Brief," [Filing No. 8], which the Court construes as a Second Amended Complaint. This Order screens the construed Second Amended Complaint pursuant to § 1915.

**I.**
**SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states

1

a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.
### BACKGROUND

### A. The Initial Complaint

In his Second Amended Complaint, Mr. Kent asks that "the Court add this to [his] prior brief." [Filing No. 8 at 1.] Accordingly, the Court will consider Mr. Kent's allegations in his initial Complaint, [Filing No. 1], in conjunction with the allegations in his Second Amended Complaint, [Filing No. 8]. The following are the allegations contained in Mr. Kent's initial Complaint, which the Court must accept as true at this time.

In 2008, Detective Finnigan of the Jefferson County Sheriff's Department approached Mr. Kent and asked to speak with him. [Filing No. 1 at 5; Filing No. 8 at 1.] At the time, Mr. Kent was preparing to leave on a business trip. [Filing No. 1 at 5.] When he returned from the trip two weeks later, Mr. Kent and his lawyer met with Detective Finnigan and a representative from the Indiana Department of Child Services ("DCS") at the sheriff's office. [Filing No. 1 at 5; Filing No. 8 at 1.] Detective Finnigan and the DCS representative interviewed Mr. Kent about his stepdaughter and informed Mr. Kent that his stepdaughter had written a letter to her mother in which she stated that Mr. Kent "touched her." [Filing No. 1 at 5.] Detective Finnigan and the

DCS representative told Mr. Kent's attorney that they believed this happened multiple times. [Filing No. 1 at 5.]

Approximately one month later, while Mr. Kent was traveling for work, he received a phone call from his girlfriend. [Filing No. 1 at 5.] She was crying and told Mr. Kent that police were at their house with a warrant. [Filing No. 1 at 5.] When Mr. Kent returned from his business trip, he turned himself in to the sheriff's office. [Filing No. 1 at 6.] He was placed on a $50,000 bond that was reduced to $30,000, and the judge and Mr. Mote agreed to allow him to continue traveling for work while out on bond. [Filing No. 1 at 6.] He was on bond for about three years. [Filing No. 1 at 6.]

Mr. Kent seeks a total of $1,499,000 in damages, including sums for lost wages, legal fees, and pain and suffering. [Filing No. 1 at 8.]

### B. The Court's Previous Entries

In its August 25, 2020 Entry, The Court concluded that the initial Complaint failed to state a claim upon which relief could be granted and dismissed it without prejudice. [Filing No. 4.] Specifically, the Court noted that Mr. Kent had not made any specific allegations concerning Mr. Mote's allegedly unlawful conduct, aside from the fact that Mr. Mote had agreed to a favorable bond condition, which, without more, did not amount to a violation of Mr. Kent's constitutional rights. [Filing No. 4 at 4.] The Court also acknowledged that prosecutors may not enjoy absolute immunity when giving legal advice to law enforcement during an investigation, but concluded that without more specific allegations concerning Mr. Mote's conduct, Mr. Kent had not stated a cognizable claim. [Filing No. 4 at 4.] Finally, the Court noted that Mr. Kent had indicated in his Complaint his status as a convicted and sentenced prisoner, and without additional information the Court could not determine whether Mr. Kent's claim is barred by *Heck v. Humphrey*, 512 U.S. 477,

487-88 (1994), which established that a plaintiff may not pursue civil damages if judgment in his favor would undermine the validity of his conviction or sentence, unless he demonstrates that the conviction or sentence has been overturned or invalidated. [Filing No. 4 at 4-5.]

Mr. Kent filed a construed Amended Complaint, [Filing No. 6], which the Court also dismissed without prejudice for failure to state a claim upon which relief can be granted, [Filing No. 7]. Specifically, the Court reasoned that Mr. Kent failed to allege with specificity what Mr. Mote did and why his conduct was unlawful, and therefore he failed to comply with the federal pleading standards and did not give the Court sufficient information upon which it could determine whether Mr. Mote was immune from suit. [Filing No. 7 at 4-5.] The Court also noted that Mr. Kent had failed to provide sufficient facts that would allow the Court to assess whether his claim was barred by *Heck*. [Filing No. 7 at 5.]

### C. The Second Amended Complaint

Mr. Kent alleges that, at the time of the interview at the sheriff's office, "both Detective Finnigan and DCS where (sic) acting under vindictive instruction and coaching from Prosecutor Mote." [Filing No. 8 at 1.] Mr. Kent further alleges that "[t]he questions and coached behavior of the Detective and DCS [were] prejudicial and vindictive" and "the instruction and coaching by Mr. Mote is what [he is] bringing in front of this Court in respect to [his] Due Process Violation Claim." [Filing No. 8 at 1.]

### III.
### DISCUSSION

At the outset, the Court observes that Mr. Kent has again failed to address the issues regarding prosecutorial immunity and the *Heck* bar, both of which were explicitly raised in the Court's previous Entries. Regardless, even setting those issues aside, Mr. Kent has not stated a cognizable claim against Mr. Mote.

4

Mr. Kent brings this action pursuant to 42 U.S.C. § 1983.  [Filing No. 1 at 2-3.]  Section 1983 "is not itself a source of substantive rights," but merely provides a "method for vindicating federal rights elsewhere conferred."  *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).  "The first step in any [section 1983] claim is to identify the specific constitutional right allegedly infringed."  *Burton v. City of Franklin*, 2011 WL 5879511, at *3 (S.D. Ind. Nov. 23, 2011) (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989)).

Mr. Kent characterizes his claim as alleging a due process violation.  [Filing No. 8 at 1.]  The precise nature of the claim is difficult to discern from Mr. Kent's allegations, which do not describe with any specificity what allegedly wrongful conduct Mr. Mote engaged in beyond that he "coached" or instructed Detective Finnigan and the DCS representative in a way that was "vindictive."  The Court could dismiss the claim on this basis alone, because the allegations are insufficient to provide fair notice of the nature of the claim and the grounds upon which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Nevertheless, the Court acknowledges that Mr. Kent's allegations, very liberally construed, may be intended to assert a claim that Mr. Mote fabricated evidence that was used against Mr. Kent during his interview with police and DCS.  In the interest of completeness, the Court will address why Mr. Kent's allegations, to the extent they are intended to assert such a claim, are insufficient.

A prosecutor's fabrication of evidence may give rise to a colorable due process claim.  *Bianchi v. McQueen*, 818 F.3d 309, 319 (7th Cir. 2016) (citing *Fields v. Wharrie*, 740 F.3d 1107, 1114-15 (7th Cir. 2014); *Whitlock v. Brueggemann*, 682 F.3d 567, 580-82 (7th Cir. 2012)).  But "[a] deprivation of liberty is a necessary element of a due-process claim premised on allegations of evidence fabrication."  *Bianchi*, 818 F.3d at 319.  "The need to appear in court and attend trial does not constitute such a deprivation."  *Cairel v. Alderden*, 821 F.3d 823, 831 (7th Cir. 2016).

Mr. Kent's allegations are lacking in a number of respects.  First, he does not identify any evidence that Mr. Mote allegedly fabricated.  Second, he does not allege that any such evidence was used in his prosecution.  Indeed, at no point does Mr. Kent state that he was prosecuted at all.  Because he alleges that he was released on bond and permitted to continue traveling for work, the Court can infer that Mr. Kent was charged with a crime, but he provides no information regarding what that crime was, how his being charged related to his interview, whether he was tried for that crime, and if so, whether he was acquitted or convicted.  Furthermore, although he indicated in his initial Complaint that he was a "[c]onvicted and sentenced state prisoner," he provided no information regarding whether that status is related to the instant lawsuit.  Finally, Mr. Kent has not alleged that he was deprived of liberty or property as a result of Mr. Mote's conduct.  Specifically, he does not allege that he was unlawfully detained or that he was convicted and imprisoned or subjected to some other restraint on his liberty.  *See Cairel*, 821 F.3d at 831. (concluding that plaintiffs who were "quickly released on bond following their arrests" and never tried could not assert a due process claim based on fabrication of evidence).[1]

Fundamentally, Mr. Kent fails to explain what Mr. Mote did, how Mr. Mote's conduct was unlawful, or how Mr. Kent was deprived of due process or any other constitutional right.  The Federal Rules of Civil Procedure require "parties to make their pleadings straightforward, so that

---

[1] Notably, to the extent that Mr. Kent intends to bring a claim for malicious prosecution, the result would be the same.  "Malicious prosecution is not by itself an infringement on the constitutional right to due process under the Fourteenth Amendment." *Welton v. Anderson*, 770 F.3d 670, 674 (7th Cir. 2014). To state a viable claim for malicious prosecution under § 1983, the plaintiff must allege the violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment or the right to a fair trial under the Due Process Clause. *Id.* at 673 (citing *Serino v. Hensley*, 735 F.3d 588, 592 (7th Cir. 2013)).  The absence of such a constitutional violation is fatal to the plaintiff's claim. *Welton*, 770 F.3d at 673. Because Mr. Kent has not stated a viable due process claim and has not alleged any other constitutional violation, any potential claim for malicious prosecution is insufficient.

judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Mr. Kent has not done so. After being given two opportunities to correct the deficiencies in his Complaint, Mr. Kent has yet to provide allegations that state a cognizable legal claim. Accordingly, the construed Second Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. *See, e.g., Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (stating that district courts have "broad discretion" to deny leave to amend where there is "repeated failure to cure deficiencies").

## IV.
### CONCLUSION

Based on the foregoing, Mr. Kent's construed Second Amended Complaint, [8], is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Final judgment shall issue accordingly.

Date: 11/4/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Delmar J. Kent, 219589
New Castle Correctional Facility – Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362